1

2

3        FILED IN THE
         U.S. DISTRICT COURT
         EASTERN DISTRICT OF WASHINGTON

         Sep 25, 2020

4        SEAN F. McAVOY, CLERK

5                    UNITED STATES DISTRICT COURT

6                    EASTERN DISTRICT OF WASHINGTON

7    NICOLE R.,

8                              Plaintiff,          No: 2:20-CV-3-FVS
         v.
9                                                  ORDER GRANTING PLAINTIFF'S
     ANDREW M. SAUL, Commissioner                  MOTION FOR SUMMARY
10   of the Social Security Administration,        JUDGMENT

11                             Defendant.

12

13          BEFORE THE COURT are the parties' cross-motions for summary

14   judgment.  ECF Nos. 14, 16.  This matter was submitted for consideration without

15   oral argument.  Plaintiff is represented by attorney D. James Tree.  Defendant is

16   represented by Special Assistant United States Attorney Jeffrey E. Staples.  The

17   Court, having reviewed the administrative record and the parties' briefing, is fully

18   informed.  For the reasons discussed below, the Court **GRANTS, in part,**

19   Plaintiff's Motion for Summary Judgment, ECF No. 14, **DENIES** Defendant's

20   Motion for Summary Judgment, ECF No. 16, and **REMANDS** the case for

21   additional proceedings consistent with this Order.

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT ~ 1

## JURISDICTION

Plaintiff Nicole R.[1] filed an application for Social Security Disability Insurance Benefits (DIB) on September 16, 2016. Tr. 106. She also filed an application for Supplemental Security Income (SSI) on October 11, 2016. Tr. 107. In both applications, Plaintiff alleged a disability onset date of August 17, 2016. Tr. 219, 223. Benefits were denied initially, Tr. 155-58, and upon reconsideration, Tr. 162-67. A hearing before Administrative Law Judge Tom L. Morris ("ALJ") was conducted on September 20, 2018. Tr. 65-105. Plaintiff was not represented at the hearing, waived her right to be represented, and testified at the hearing. *Id*. The ALJ also took the testimony of vocational expert Bob Zadow. *Id*. The ALJ denied benefits on December 18, 2018. Tr. 49-59. The Appeals Council denied Plaintiff's request for review on November 7, 2019. Tr. 1-6. The matter is now before this Court pursuant to 42 U.S.C. §§ 405(g), 1383(c)(3).

## BACKGROUND

The facts of the case are set forth in the administrative hearing and transcripts, the ALJ's decision, and the briefs of Plaintiff and the Commissioner. Only the most pertinent facts are summarized here.

---

[1]In the interest of protecting Plaintiff's privacy, the Court will use Plaintiff's first name and last initial, and, subsequently, Plaintiff's first name only, throughout this decision.

1    Plaintiff was 30 years old at the alleged date of onset.  Tr. 219.  She

2    completed her GED in 2006.  Tr. 256.  Plaintiff's past work includes jobs as a

3    cashier, a child care provider, a house keeper, a night auditor, and a sales associate.

4    *Id*.  She alleged that epilepsy and seizures were conditions that limited her ability

5    to work.  Tr. 81, 255.  At application, she stated that she stopped working on

6    August 17, 2016, due to her conditions.  Tr. 255.

7                          **STANDARD OF REVIEW**

8         A district court's review of a final decision of the Commissioner of Social

9    Security is governed by 42 U.S.C. § 405(g).  The scope of review under § 405(g) is

10    limited; the Commissioner's decision will be disturbed "only if it is not supported

11    by substantial evidence or is based on legal error."  *Hill v. Astrue*, 698 F.3d 1153,

12    1158 (9th Cir. 2012).  "Substantial evidence" means "relevant evidence that a

13    reasonable mind might accept as adequate to support a conclusion."  *Id*. at 1159

14    (quotation and citation omitted).  Stated differently, substantial evidence equates to

15    "more than a mere scintilla[,] but less than a preponderance."  *Id*. (quotation and

16    citation omitted).  In determining whether the standard has been satisfied, a

17    reviewing court must consider the entire record as a whole rather than searching

18    for supporting evidence in isolation.  *Id*.

19         In reviewing a denial of benefits, a district court may not substitute its

20    judgment for that of the Commissioner.  "The court will uphold the ALJ's

21    conclusion when the evidence is susceptible to more than one rational

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT ~ 3

interpretation." *Tommasetti v. Astrue*, 533 F.3d 1035, 1038 (9th Cir. 2008).

Further, a district court will not reverse an ALJ's decision on account of an error

that is harmless. *Id.* An error is harmless where it is "inconsequential to the

[ALJ's] ultimate nondisability determination." *Id.* (quotation and citation omitted).

The party appealing the ALJ's decision generally bears the burden of establishing

that it was harmed. *Shinseki v. Sanders*, 556 U.S. 396, 409-10 (2009).

## FIVE-STEP EVALUATION PROCESS

A claimant must satisfy two conditions to be considered "disabled" within

the meaning of the Social Security Act. First, the claimant must be "unable to

engage in any substantial gainful activity by reason of any medically determinable

physical or mental impairment which can be expected to result in death or which

has lasted or can be expected to last for a continuous period of not less than twelve

months." 42 U.S.C. § 423(d)(1)(A). Second, the claimant's impairment must be

"of such severity that he is not only unable to do his previous work[,] but cannot,

considering his age, education, and work experience, engage in any other kind of

substantial gainful work which exists in the national economy." 42 U.S.C. §

423(d)(2)(A).

The Commissioner has established a five-step sequential analysis to

determine whether a claimant satisfies the above criteria. See 20 C.F.R. §§

404.1520(a)(4)(i)-(v), 416.920(a)(4)(i)-(v). At step one, the Commissioner

considers the claimant's work activity. 20 C.F.R. §§ 404.1520(a)(4)(i),

416.920(a)(4)(i).  If the claimant is engaged in "substantial gainful activity," the Commissioner must find that the claimant is not disabled.  20 C.F.R. §§ 404.1520(b), 416.920(b).

If the claimant is not engaged in substantial gainful activity, the analysis proceeds to step two.  At this step, the Commissioner considers the severity of the claimant's impairment.  20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii).  If the claimant suffers from "any impairment or combination of impairments which significantly limits [his or her] physical or mental ability to do basic work activities," the analysis proceeds to step three.  20 C.F.R. §§ 404.1520(c), 416.920(c).  If the claimant's impairment does not satisfy this severity threshold, however, the Commissioner must find that the claimant is not disabled.  20 C.F.R. §§ 404.1520(c), 416.920(c).

At step three, the Commissioner compares the claimant's impairment to severe impairments recognized by the Commissioner to be so severe as to preclude a person from engaging in substantial gainful activity.  20 C.F.R. §§ 404.1520(a)(4(iii), 416.920(a)(4)(iii).  If the impairment is as severe or more severe than one of the enumerated impairments, the Commissioner must find the claimant disabled and award benefits.  20 C.F.R. §§ 404.1520(d), 416.920(d).

If the severity of the claimant's impairment does not meet or exceed the severity of the enumerated impairments, the Commissioner must pause to assess the claimant's "residual functional capacity."  Residual functional capacity

1    ("RFC"), defined generally as the claimant's ability to perform physical and

2    mental work activities on a sustained basis despite his or her limitations, 20 C.F.R.

3    §§ 404.1545(a)(1), 416.945(a)(1), is relevant to both the fourth and fifth steps of

4    the analysis.

5        At step four, the Commissioner considers whether, in view of the claimant's

6    RFC, the claimant is capable of performing work that he or she has performed in

7    the past (past relevant work).  20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv).

8    If the claimant is capable of performing past relevant work, the Commissioner

9    must find that the claimant is not disabled.  20 C.F.R. §§ 404.1520(f), 416.920(f).

10    If the claimant is incapable of performing such work, the analysis proceeds to step

11    five.

12        At step five, the Commissioner considers whether, in view of the claimant's

13    RFC, the claimant is capable of performing other work in the national economy.

14    20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v).  In making this determination,

15    the Commissioner must also consider vocational factors such as the claimant's age,

16    education, and past work experience.  20 C.F.R. §§ 404.1520(a)(4)(v),

17    416.920(a)(4)(v).  If the claimant is capable of adjusting to other work, the

18    Commissioner must find that the claimant is not disabled.  20 C.F.R. §§

19    404.1520(g)(1), 416.920(g)(1).  If the claimant is not capable of adjusting to other

20    work, analysis concludes with a finding that the claimant is disabled and is

21    therefore entitled to benefits.  20 C.F.R. §§ 404.1520(g)(1), 416.920(g)(1).

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT ~ 6

1    The claimant bears the burden of proof at steps one through four.  *Tackett v.*

2    *Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999).  If the analysis proceeds to step five,

3    the burden shifts to the Commissioner to establish that (1) the claimant is capable

4    of performing other work, and (2) such work "exists in significant numbers in the

5    national economy."  20 C.F.R. § 416.960(c)(2), *Beltran v. Astrue*, 700 F.3d 386,

6    389 (9th Cir. 2012).

7    **THE ALJ'S FINDINGS**

8    At step one, the ALJ found that Plaintiff has not engaged in substantial

9    gainful activity since August 17, 2016, the alleged onset date.  Tr. 52.  At step two,

10    the ALJ found that Plaintiff has the following severe impairments: epilepsy and

11    obesity.  Tr. 52.  At step three, the ALJ found that Plaintiff does not have an

12    impairment or combination of impairments that meets or medically equals the

13    severity of a listed impairment.  Tr. 52.  The ALJ then found that Plaintiff has the

14    RFC to perform medium work as defined in 20 C.F.R. §§ 404.1567(c), 416.967(c)

15    except she has the following limitations:

16    > she can lift and/or carry 50 pounds occasionally and 25 pounds
>    frequently; stand and/or walk within normal breaks for five out of eight
17    > hours or work tasks permit a sit/stand option; can sit for six hours;
>    occasionally climb ramps and stairs and balance; never climb ladders,
18    > ropes, or scaffolds; must avoid even moderate exposure to hazards such
>    as dangerous machinery and unprotected heights; and may be off task
19    > up to seven percent of an eight hour workday.

20    Tr. 53.

21    At step four, the ALJ identified Plaintiff's past relevant work as a cashier,

childcare worker, housekeeper, salesperson, desk clerk, and hand packager, and found that she is capable of performing her past relevant work as a desk clerk and hand packager. Tr. 57. As an alternative to denying the claim at step four, the ALJ made a step five determination. The ALJ found that considering Plaintiff's age, education, work experience, and RFC, there were other jobs that exist in significant numbers in the national economy that Plaintiff could perform, including packing line worker and mail room clerk. Tr. 58. The ALJ concluded that Plaintiff was not under a disability, as defined in the Social Security Act, from August 17, 2016, the alleged onset date, through the date of his decision. Tr. 59.

## ISSUES

Plaintiff seeks judicial review of the Commissioner's final decision denying her DIB under Title II and SSI under Title XVI. ECF No. 14. Plaintiff raises the following issues for this Court's review:

1.    Whether the ALJ fully and fairly developed the record;

2.    Whether the Appeals Council erred by failing to exhibit[2] new evidence;

3.    Whether the ALJ erred in weighing the opinion evidence; and

4.    Whether the ALJ properly considered Plaintiff's symptom claims.

---

[2] The Appeals Council decision states, "We did not exhibit this evidence." This Court will use the term "exhibit" consistent with the Administrative Council's use of the word.

1

**DISCUSSION**

2

**1.      Duty to Develop the Record**

3          Plaintiff argues that the ALJ failed to develop the record fully and fairly.

4   ECF No. 14 at 3-6.

5          The Supreme Court has held that "Social Security proceedings are

6   inquisitorial rather than adversarial.  It is the ALJ's duty to investigate the facts and

7   develop the arguments both for and against granting benefits[.]" *Sims v. Apfel*, 530

8   U.S. 103, 110-11 (2000).  "An ALJ's duty to develop the record further is triggered

9   only when there is ambiguous evidence or when the record is inadequate to allow

10  for proper evaluation of the evidence." *Ford v. Saul*, 950 F.3d 1141, 1156 (9th Cir.

11  2020) (quoting *Mayes v. Massanari*, 276 F.3d 453, 459-60 (9th Cir. 2001)).

12         At the hearing, Plaintiff told the ALJ that medical evidence was missing

13  from the record.  Tr. 73.  When the ALJ inquired why this evidence was missing

14  from the record, Plaintiff, who was not represented at the hearing, indicated that

15  she was unaware that she was supposed to provide the missing records.  *Id*.

16  Plaintiff stated that she had brought some records with her to the hearing.  Tr. 73-

17  74.  When asked to state where they were from, Plaintiff began to answer, and the

18  ALJ stated "we don't have time for that, because we only have an hour."  Tr. 74.

19  He then gave her two weeks to submit the evidence she brought with her to the

20  hearing by telling her to mail them to Social Security.  Tr. 75.  She also informed

21  the ALJ that she had experienced recent seizure activity.  Tr. 73.

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT ~ 9

1    The only evidence that the ALJ added to the record following the hearing

2  were exhibited as 9F, which consists of  emergency medical personnel responding

3  to reports of seizure activity on February 9, 2016, May 20, 2016, June 13, 2016,

4  July 31, 2016, November 15, 2016, December 21, 2016, May 17, 2017, July 31,

5  2017, August 28, 2017, September 18, 2017, December 11, 2017, and August 2,

6  2018, and 10F, which consists of a letter from H. Scott Mounts, ARNP, dated

7  September 13, 2018.  Tr. 525-55.  According to ambulance transport records,

8  Plaintiff was transported to the hospital on December 11, 2017, Tr. 550, September

9  18, 2017, Tr. 548, August 28, 2017, Tr. 544, July 31, 2017, and May 17, 2017, Tr.

10  54, for seizure activity.  Therefore, the ALJ was aware that Plaintiff was treated at

11  the hospital for seizure activity, but none of these hospital visits were requested

12  and made a part of the record prior to the ALJ decision.

13    Furthermore, a review of the record the ALJ had available at the time of the

14  hearing shows that additional evidence of seizure activity was missing from the

15  record.  On April 13, 2017, Plaintiff reported to ARNP Mounts that she was

16  hospitalized at the University of Washington for a "full-blown tonic clonic

17  seizure."  Tr. 482.  She reported she was scheduled for a follow up at the same

18  clinic.  *Id*.  However, these records were not requested and made a part of the

19  record.

20    Plaintiff reported that her seizure disorder prevented her from working.  Tr.

21  81, 255.  The type, description, and frequency of a claimant's seizures is required

information when determining disability eligibility due to a seizure disorder.  *See*

20 C.F.R. Part 404, Subpart P, Appendix 1 (discussing the types of seizures

considered in listing 11.03, requiring a description of a claimant's seizures as part

of the evidence, and requiring the frequency of claimant's seizures).  Therefore, the

information that was missing from the record was vital for a proper evaluation of

Plaintiff's claim at step three and under the RFC assessment.  Since the ALJ was

aware that evidence of seizure activity was missing from the record and was aware

that Plaintiff was unrepresented and confused regarding submitting evidence, the

ALJ's duty to develop the record was triggered.  *See Widmark v. Barnhart*, 454

F.3d 1063, 1068-69 (9th Cir. 2006) (where claimant is unrepresented "it is

incumbent upon the ALJ to scrupulously and conscientiously probe into, inquire

of, and explore all the relevant facts," as well as remain "especially diligent in

ensuring that favorable as well as unfavorable facts and circumstances are

elicited").  The ALJ was required to take steps to gather the missing evidence of

seizure activity.  Therefore, the ALJ failed to meet his duty to develop the record,

and remand is appropriate to gather the missing evidence from Samaritan Hospital

and the University of Washington.

Additionally, since the case has been pending before the Appeals Council

and this Court for some time, the ALJ also is directed to supplement the medical

evidence with any additional outstanding evidence, including reports of emergency

response personnel attending Plaintiff for seizure activity, similar to the records

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT ~ 11

from Exhibit 9F.

**2.    Evidence Submitted to the Appeals Council**

Plaintiff argues that the Appeals Council erred by failing to exhibit evidence submitted to it.  ECF No. 14 at 6-9.

Following an unfavorable decision by an ALJ, a claimant may request that the Appeals Council review the decision.  20 C.F.R. §§ 404.967, 416.1467.  "The Appeals Council may deny or dismiss the request for review, or it may grant the request and either issue a decision or remand the case to an administrative law judge."  *Id*.  The Appeals Council "will review a case . . . if [s]ubject to paragraph (b) of this section, the Appeals Council receives additional evidence that is new, material, and relates to the period on or before the date of the hearing decision, and there is a reasonable probability that the additional evidence would change the outcome of the decision."  20 C.F.R. §§ 404.970(a)(5), 416.1470(a)(5).  Paragraph (b) states the Appeals Council will only consider additional evidence under paragraph (a)(5) if a claimant shows good cause for not informing the agency or submitting the evidence prior to the ALJ hearing as required in 20 C.F.R. §§ 404.935, 416.1435.  20 C.F.R. §§ 404.970(b), 416.1470(b).

Following the ALJ's December 18, 2018 decision, Plaintiff requested a review by the Appeals Council.  Tr. 215-18.  Plaintiff then submitted evidence from ARNP Mounts dated February 13, 2019; the State of Washington Department of Health and Human Services dated April 8, 2019, and August 6, 2019; and the

1   Moses Lake Community Health Center dated February 22, 2019, through August

2   28, 2019.  Tr. 2.  The Appeals Council denied Plaintiff's request for review and did

3   not exhibit the newly submitted medical evidence.  Tr. 2.  The Appeals Council

4   found that the evidence from ANPR Mounts was "new and material, but we find

5   this evidence does not show a reasonable probability that it would change the

6   outcome of the decision."  *Id*.  The Appeals Council did not admit the remaining

7   evidence into the record as an exhibit because it found the evidence did not relate

8   to the period at issue.  *Id*.

9        Defendant argues that this Court lacks jurisdiction over the Appeals

10  Council's actions.  ECF No. 16 at 9.  The Ninth Circuit has held that district courts

11  do not have jurisdiction to review a decision of the Appeals Council denying a

12  request for review of an ALJ's decision because the Appeals Council decision is a

13  non-final agency action.  *Brewes v. Comm'r of Soc. Sec. Admin.*, 682 F.3d 1157,

14  1161 (9th Cir. 2012) *citing Taylor v. Comm'r of Soc. Sec. Admin.*, 659 F.3d 1228,

15  1231 (9th Cir. 2011).  When the Appeals Council denies a request for review, the

16  ALJ's decision becomes the final decision of the Commissioner and the district

17  court reviews the ALJ's decision for substantial evidence based upon the record as

18  a whole.  *Id*. at 1161-62.  "[T]he administrative record includes evidence submitted

19  to and considered by the Appeals Council."  *Id*. at 1162.  When the Appeals

20  Council fails to "consider" additional evidence that meets the requirements set

21  forth in 20 C.F.R. §§ 404.970(b), 416.1470(b), remand to the ALJ is appropriate.

*Taylor*, 659 F.3d at 1233.  Therefore, whether or not the Appeals Council "considered" new evidence dictates whether or not the evidence is a part of the record as a whole and whether a remand is appropriate.  *See Brewes*, 682 F.3d at 1162 ("the final decision of the Commissioner includes the Appeals Council's denial of review, and the additional evidence considered by that body is 'evidence upon which the findings and decision complained of are based'"); *see Amor v. Berryhill*, 743 F. App'x 145, 146 (9th Cir. 2018) ("here the Appeals Council only looked at the evidence, and determined it did not meet the standard for consideration," and therefore, "the new evidence did not become part of the record, and we may not consider it").  Here, the Appeals Council provided separate reasons for not admitting the records from ARNP Mounts and the other records Plaintiff submitted following her request for review into the record.

### A.    Records from H. Scott Mounts, ARNP

The Appeals Council stated that the evidence from ARNP Mounts was "new and material, but we find this evidence does not show a reasonable probability that it would change the outcome of the decision."  Tr. 2.

This Court joins others in finding that it is not clear how the Appeals Council determined that the new evidence would not impact the outcome of the ALJ's decision while simultaneously not considering it and not associating it with the record.  *McLaughlin v. Saul*, No. 1:18-cv-00967-SKO, 2019 WL 3202806, at *5 (E.D. Cal. July 16, 2019) *citing Deliny S. v. Berryhill*, No. CV 17-06328-DFM,

2019 WL 1259410, at *1 (C.D. Cal. Mar. 19, 2019) and *Mayeda-Williams v.*

*Comm'r of Soc. Sec. Admin.*, No. 18-0009-HRH, 2019 WL 157918, at *5 (D. Ak.

Jan. 10, 2019); *Lena J. v. Comm'r of Soc. Sec. Admin.*, No. C18-6007-RLB-BAT,

2019 WL 3291039, at *3 (W.D. Wash. July 1, 2019).  Therefore, the Appeals

Council erred by refusing to admit the evidence as an  exhibit .

Nonetheless, while the records from ARNP Mounts were not assigned an

exhibit number, they are incorporated with the administrative record before this

Court.  *See* Tr. 43-44.  Therefore, the next stage of the analysis under *Brewes* is to

determine if the ALJ's determination is supported by the record as a whole,

including the new evidence from ARNP Mounts.  659 F.3d at 1161-62.

ARNP Mounts diagnosed Plaintiff with temporal lobe epilepsy and

generalized anxiety disorder.  Tr. 43.  He stated that Plaintiff would likely miss

four or more days per month if she attempted to work a forty hour a week

schedule.  Tr. 44.  He limited Plaintiff to light work.  *Id*.  He also stated that these

limitations had existed since August 17, 2016.  Tr. 45.  ARNP Mounts' opinion is

inconsistent with the ALJ's step two determination that did not include any mental

health impairments and the RFC determination.  *See* Tr. 52-53.  Considering

ARNP Mounts is a treating provider and his opinion would likely support a finding

of disability, this new evidence does not support the ALJ's determination.  This

case is already being remanded for the ALJ to fully develop the record.  Therefore,

the ALJ will also admit ARNP Mounts' opinion into the record and consider it in

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT ~ 15

light of the record as a whole.

### B.     Other Evidence Submitted to the Appeals Council

The remaining evidence submitted to the Appeals Council was not admitted into the record as an exhibit because it was dated after the ALJ's decision.  Tr. 2. In doing so, the Appeals Council did not discuss the evidence beyond the dates and did not consider the evidence in the same manner that the evidence from ARNP Mounts was considered.  Tr. 2 (finding that the evidence from ARNP Mounts was new and material but does not show a reasonable probability that it would change the outcome of the decision).  Therefore, the Appeals Council was not required to enter this evidence into the record as an exhibit.

However, since the case is being remanded for the ALJ to properly develop the record and consider the evidence from ARNP Mounts, the ALJ will also enter this evidence into the record and consider it in a new proceeding.

### 3.     Opinion Evidence

Plaintiff challenges the weight the ALJ assigned to the September 13, 2018 medical opinion of ARNP Mounts and the lay witness statements from Plaintiff's friends and family.  ECF No. 14 at 9-18.

The record contains a September 13, 2018 letter from ARNP Mounts that states "[p]atient is under my care for seizure disorder, and is medically disabled." Tr. 555.  The record also contains nine written statements from Plaintiff's friends and family discussing her seizure activity.  Tr. 336-45.  The ALJ rejected this

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT ~ 16

evidence when forming the RFC determination.  Tr. 56-57.

The ALJ is instructed to supplement the record with outstanding evidence and consider a new opinion from ARNP Mounts.  Therefore, upon remand, the ALJ will readdress the September 13, 2018 opinion from ARNP Mounts and the statements from Plaintiff's friends and family in light of the record as a whole.

**4.    Plaintiff's Symptom Statements**

Plaintiff challenges the ALJ's treatment of her symptom statements.  ECF No. 14 at 18-21.

It is generally the province of the ALJ to make determinations regarding the reliability of Plaintiff's symptom statements, *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995), but the ALJ's findings must be supported by specific cogent reasons, *Rashad v. Sullivan*, 903 F.2d 1229, 1231 (9th Cir. 1990).  Absent affirmative evidence of malingering, the ALJ's reasons for rejecting the claimant's testimony must be "specific, clear and convincing."  *Smolen v. Chater*, 80 F.3d 1273, 1281 (9th Cir. 1996); *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1995).  "General findings are insufficient:  rather the ALJ must identify what testimony is not credible and what evidence undermines the claimant's complaints."  *Lester*, 81 F.3d at 834.

The ALJ found Plaintiff's "statements concerning the intensity, persistence, and limiting effects of these symptoms are not entirely consistent with the medical evidence and other evidence in the record for the reasons explained in this

decision." Tr. 54. The evaluation of a claimant's symptom statements and their resulting limitations relies, in part, on the assessment of the medical evidence. See 20 C.F.R. §§ 404.1529(c), 416.929(c); S.S.R. 16-3p. Therefore, in light of the case being remanded for the ALJ to supplement the medical evidence, a new assessment of Plaintiff's subjective symptom statements will be necessary.

**CONCLUSION**

Plaintiff requests that her case be remanded for an award of benefits as of February of 2019 (the date of ARNP Mounts' opinion) and for an assessment of disability for the period prior to that opinion. ECF No. 14 at 9.

The decision whether to remand for further proceedings or reverse and award benefits is within the discretion of the district court. *McAllister v. Sullivan*, 888 F.2d 599, 603 (9th Cir. 1989). An immediate award of benefits is appropriate where "no useful purpose would be served by further administrative proceedings, or where the record has been thoroughly developed," *Varney v. Sec'y of Health & Human Servs.*, 859 F.2d 1396, 1399 (9th Cir. 1988), or when the delay caused by remand would be "unduly burdensome[.]" *Terry v. Sullivan*, 903 F.2d 1273, 1280 (9th Cir. 1990); *see also Garrison v. Colvin*, 759 F.3d 955, 1021 (9th Cir. 2014) (noting that a district court may abuse its discretion not to remand for benefits when all of these conditions are met). This policy is based on the "need to expedite disability claims." *Varney*, 859 F.2d at 1401. But where there are outstanding issues that must be resolved before a determination can be made, and it

is not clear from the record that the ALJ would be required to find a claimant disabled if all the evidence were properly evaluated, remand is appropriate. *See Benecke v. Barnhart*, 379 F.3d 587, 595-96 (9th Cir. 2004); *Harman v. Apfel*, 211 F.3d 1172, 1179-80 (9th Cir. 2000).

The Court finds that further administrative proceedings are appropriate. *See Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1103-04 (9th Cir. 2014) (remand for benefits is not appropriate when further administrative proceedings would serve a useful purpose). Here, the record was not fully developed at the time of the ALJ's hearing. There is still outstanding evidence that needs to be associated with the record to properly evaluate Plaintiff's seizure disorder. ARNP Mount's February 2019 opinion shall be considered in relation to a properly developed record. Therefore, the Court remands this case to be assigned to a new ALJ for further proceedings consistent with this Order.

On remand, the ALJ shall request the records from Samaritan Hospital and the University of Washington. The ALJ shall supplement the record with any additional outstanding medical evidence. The ALJ shall exhibit the evidence submitted to the Appeals Council and reconsider the opinion evidence and Plaintiff's symptom statements. In addition, the ALJ shall take the testimony of a medical expert in neurology and a vocational expert at remand proceedings.

/ / /

/ / /

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT ~ 19

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

**ACCORDINGLY, IT IS HEREBY ORDERED:**

1.  Plaintiff's Motion for Summary Judgment, **ECF No. 14**, is **GRANTED, in part,** and the matter is remanded for further proceedings consistent with this Order.

2.  Defendant's Motion for Summary Judgment, **ECF No. 16**, is **DENIED.**

   **IT IS SO ORDERED**.  The District Court Clerk is hereby directed to enter this Order and provide copies to counsel, enter judgment in favor of the Plaintiff, and **CLOSE** the file.

   **DATED** September 25, 2020.

   *s/ Rosanna Malouf Peterson*

   ROSANNA MALOUF PETERSON
   United States District Judge

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT ~ 20